# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Farzad Naderi, Respondent.

Appellate Case No. 2019-000061

---

Opinion No. 27881
Submitted March 27, 2019 – Filed April 24, 2019

---

## DEBARRED

---

John S. Nichols, Disciplinary Counsel, and Sabrina C. Todd, Senior Assistant Disciplinary Counsel, of Columbia, for the Office of Disciplinary Counsel.

Farzad Naderi, of California, *pro se*.

---

**PER CURIAM:**   Respondent, a licensed California attorney, provided legal services in South Carolina to a South Carolina resident without having been admitted or authorized to practice law in this state, in violation of the Rules of Professional Conduct.  Following an evidentiary hearing at which respondent did not appear, the Hearing Panel of the Commission on Lawyer Conduct (the Panel) recommended debarring respondent and ordering respondent pay the cost of the proceedings and restitution to his South Carolina client.  As neither party sought review of the Panel's report, the matter is now submitted for the Court's consideration.  We impose the sanctions recommended by the Panel.

## FACTS

Despite never having been admitted to practice law in South Carolina or applying for pro hac vice admission, respondent provided legal services in the state operating as the Pacific National Law Center (PNLC).

*The J.H. Matter*

In December 2013, J.H., a South Carolina resident, homeowner, and veteran, hired respondent to assist him in negotiating a modification of his home loan. Individuals at PNLC assured J.H. the firm could get his loan modified and decrease his mortgage payments by securing both a balance reduction and a lower, fixed interest rate. PNLC employees also promised J.H. the firm would work diligently and return his calls within 48 hours.

J.H. signed several forms provided to him by PNLC staff, including an "Attorney Client Retainer Agreement" and a "Third Party Authorization and Release Form." The release form permitted J.H.'s lender to discuss his home loan with PNLC. Respondent was specifically named as the individual permitted to discuss the loan on behalf of J.H. The form listed respondent's title as "Paralegal."

The retainer agreement provided that, in exchange for a fee of $2,995, PNLC would provide "legal services," including "representation . . . for negotiation and resolution of disputes with current lender(s) regarding the subject real property and mortgage loan(s)." Pursuant to the retainer agreement, litigation and litigation services were excluded from the scope of the representation.

The retainer agreement also provided that the fees paid by J.H. were not conditioned on the outcome of his case, and restricted J.H.'s ability to cancel the agreement and seek a refund outside of the first five days after he signed the agreement. After the five-day refund window, the agreement required disputes over fees to be arbitrated pursuant to the guidelines and standards adopted by the State Bar of California. Other disputes would be resolved though binding arbitration in accordance with the arbitration rules of the bar association of Orange County, California. Finally, the retainer agreement also indicated PNLC had no obligation to retain J.H.'s file for any period of time following the end of representation.

In January, February, and March of 2014, J.H. made payments pursuant to the retainer agreement totaling $2,995, via counter deposits into PNLC's bank account. J.H. provided PNLC with all information and documentation they requested, and PNLC told J.H. not to worry, the law firm would secure the loan modification, and his lender would not take his home. However, shortly after making his last payment, J.H. began experiencing difficulties reaching anyone at PNLC. PNLC never obtained a loan modification or offered J.H. any other solutions.

When J.H. received notice of the foreclosure hearing, he was again unable to reach anyone at PNLC. J.H. appeared by himself at the foreclosure hearing, and eventually had to hire another attorney and file for bankruptcy in order to save his home. At the evidentiary hearing before the Panel, J.H. testified that keeping up with his home loan payments had been a struggle, but his home had not been foreclosed. J.H. further testified he was unaware of any contact PNLC made with his lender, and he believed he had been scammed and the wrongdoer should be in jail or disbarred.

### *Related Claims against Respondent in Other Jurisdictions*

In February 2016, the State Bar Court of California accepted a stipulation signed by respondent for a ninety-day suspension and two years' probation for engaging in the unauthorized practice of law in Florida and Washington. *In re Naderi*, Nos. 14-O-04421 & 14-O-06302 (Los Angeles, Cal., State Bar Ct. of Cal. Hearing Dep't, Feb. 10, 2016). As part of the stipulation, respondent agreed that he, acting as PNLC, was hired and paid to complete loan modifications for a resident of Florida and a resident of Washington. *Id.* Respondent conceded he accepted illegal fees in both cases. *Id.* The Florida client did not receive a loan modification. *Id.*

The Division of Consumer Services for the State of Washington also brought an administrative action against respondent, doing business as PNLC. Respondent did not cooperate or participate in the matter despite having been served by mail to his post office box. Respondent was ordered to cease and desist from offering loan modification services to Washington consumers, ordered to pay restitution to a Washington resident, fined, and ordered to pay costs. *In re Naderi*, No. C-14-1593-16-FO01 (Olympia, Wash., Dep't of Fin. Insts., Div. of Consumer Servs., May 26, 2016).

### ANALYSIS

Respondent failed to cooperate with the Office of Disciplinary Counsel's (ODC) investigation, did not answer ODC's formal charges, and was found to be in default. Therefore, respondent is deemed to have admitted the factual allegations made against him in the charges. *See* Rule 24(a), RLDE, Rule 413, SCACR

("Failure to answer the formal charges shall constitute an admission of the allegations.").

Further, although not licensed in South Carolina, respondent is subject to discipline by this Court. By providing legal services in South Carolina, respondent meets the definition of "lawyer" provided in Rule 2(r), RLDE, Rule 413, SCACR, which includes "a lawyer not admitted in this jurisdiction if the lawyer provides or offers to provide any legal services in this jurisdiction; or anyone whose advertisements or solicitations are subject to regulation by Rule 418, SCACR." As such, pursuant to Rule 8.5(a), RPC, Rule 407, SCACR,[1] respondent is subject to the disciplinary authority of this Court and the Commission on Lawyer Conduct, and to the provisions of the Rules of Professional Conduct to the same extent as a lawyer admitted to practice law in this state.

Respondent's actions and inactions described above constitute a number of violations of South Carolina law and the Rules of Professional Conduct. First, by agreeing to represent J.H. in the negotiation of a modification of his home loan, respondent provided legal services on a temporary basis in South Carolina as contemplated by Rule 5.5(c), RPC, Rule 407, SCACR. However, respondent failed to meet any of the requirements outlined in Rule 5.5(c) that would have allowed him to engage in the temporary practice of law in this state. Respondent's representation of J.H. was: (1) not undertaken in association with an attorney admitted to practice in South Carolina; (2) not reasonably related to a matter in which respondent was reasonably expected to be authorized to appear because the terms of respondent's fee agreement specifically excluded litigation; (3) not reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding in South Carolina or California; and (4) did not arise out of or relate to respondent's representation of a client in California because J.H. was a South Carolina resident with a South Carolina legal issue.

Accordingly, respondent violated section 40-5-310 (practicing law or soliciting legal cause of another without being enrolled as a member of the South Carolina Bar), and section 40-5-370 (soliciting legal business unlawfully) of the South Carolina Code (2011). Additionally, respondent's conduct violated Rules 5.5(a) (unauthorized practice of law) and 8.4(b) (committing a criminal act that reflects

---

[1] "A lawyer not admitted in this jurisdiction is also subject to the disciplinary authority of this jurisdiction if the lawyer provides or offers to provide any legal services in this jurisdiction." Rule 8.5(a), RPC, Rule 407, SCACR.

adversely on an attorney's honesty, trustworthiness, or fitness), RPC, Rule 407, SCACR.

Second, respondent acted as a credit counseling organization and provided consumer credit counseling services to J.H. as defined in section 37-7-101 of the South Carolina Code.[2] Respondent's providing of these counseling services without a license and without filing a surety bond as required by statute,[3] and respondent's collecting of a fee from J.H. prior to earning that fee,[4] constituted a violation of Rule 8.4(e), RPC, Rule 407, SCACR (engaging in conduct prejudicial to the administration of justice).

Third, by limiting J.H.'s ability to rescind the retainer agreement and by failing to provide a clear and reasonable avenue for J.H. to seek a refund if respondent failed to perform the work, respondent violated Rule 1.5(a), RPC, Rule 407, SCACR (unreasonable fees). By stating in the retainer agreement that PNLC had no obligation to retain J.H's file, respondent violated Rule 1.15(i), RPC, Rule 407, SCACR (safekeeping of client property). Requiring J.H. resolve any disputes that arose out of the retainer agreement in accordance with procedures established in respondent's jurisdiction, not South Carolina, violated Rule 8.4(e), RPC, Rule 407, SCACR (engaging in conduct that is prejudicial to the administration of justice).

Fourth, respondent failed to provide competent and diligent representation to J.H.

---

[2] Section 37-7-101 defines a "credit counseling organization" as "a person providing or offering to provide to consumers credit counseling services for a fee, compensation, or gain, in the expectation of a fee, compensation or gain." S.C. Code Ann. § 37-7-101(2) (2015). The same statute defines "credit counsel services" as "negotiating or offering to negotiate to defer or reduce a consumer's obligation with respect to credit extended by others." S.C. Code Ann. § 37-7-101(3)(c) (2015).

[3] *See* S.C. Code Ann. §§ 37-7-102 and -103 (2015) (requiring a person engaged in credit counseling services in South Carolina to obtain a license from and file a surety bond with the South Carolina Department of Consumer Affairs).

[4] *See* S.C. Code Ann. § 37-7-116(A)(11) (2015) (stating a licensee providing credit counseling services may not "collect a payment from a consumer before the payment being earned as specifically defined in the contract between the licensee and the consumer").

and failed to maintain reasonable communication with J.H. in violation of Rules 1.1 (competence), 1.3 (diligence), and 1.4 (communications), RPC, Rule 407, SCACR.

Finally, respondent's failure to cooperate in any fashion with ODC's investigation and prosecution of these matters violated Rule 8.1(b), RPC, Rule 407, SCACR (knowingly failing to respond to a lawful demand for information from a disciplinary authority).

Accordingly, respondent is hereby debarred from the practice of law in this state. Respondent is prohibited from practicing law or seeking any form of admission to the practice law in South Carolina, including pro hac vice admission, without first obtaining an order from this Court. *See* Rule 2(g), RLDE, Rule 413, SCACR (describing the sanction of "debarment"). Further, respondent shall, within thirty (30) days of the filing of this opinion, pay $1,112.13 for the costs of the proceedings to the Commission on Lawyer Conduct and restitution in the amount of $2,995 to J.H. If respondent is unable to pay these amounts in full within thirty (30) days of the filing of this opinion, within the same timeframe, he must enter into a reasonable payment plan with the Commission on Lawyer Conduct.

**DEBARRED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**